IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR M. CORREA, | No. 2:11-cv-00092-MCE-EFB P |
| Plaintiff, | |
| vs. | ORDER |
| SUPERIOR COURT OF SACRAMENTO, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding with this civil rights lawsuit under 42 U.S.C. § 1983.  On May 4, 2011, this court dismissed the case without leave to amend for plaintiff's failure to state a claim, because plaintiff sought to impose liability on the Superior Court of Sacramento, which is immune from suit under the Eleventh Amendment and which is also not "a person" who can be held liable under § 1983.  Dckt. Nos. 7, 11.  Plaintiff has filed a notice of appeal, and the Ninth Circuit has asked the court to determine whether plaintiff's *in forma pauperis* status should continue for the appeal or should be revoked because the appeal is frivolous or taken in bad faith.  Dckt. No. 16.  For the following reasons, the court finds the appeal frivolous and accordingly revokes plaintiff's *in forma pauperis* status.

1   The Federal Rules of Appellate Procedure provide as follows:

2   A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate
3   defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
4
    (A) the district court-before or after the notice of appeal is filed-certifies
5       that the appeal is not taken in good faith or finds that the party is not
    otherwise entitled to proceed in forma pauperis and states in writing its
6       reasons for the certification or finding[.]

7   Fed. R.App. P. 24(a)(3)(A).

8   Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma

9   pauperis if the trial court certifies in writing that it is not taken in good faith."  The good faith

10   standard is an objective one.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).  A

11   plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not

12   frivolous."  *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at

13   445).  For purposes of § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact.

14   *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989).

15   The instant Complaint is frivolous as plaintiff's § 1983 suit against the Superior Court is

16   not cognizable as a matter of law.  The law is clear that the Superior Court is a state entity not

17   subject to suit under § 1983 and immune from suit under the Eleventh Amendment.  *Will v.*

18   *Mich. Dept. Of State Police*, 491 U.S. 58 (1989); *Greater L.A. Council on Deafness v. Zolin*, 812

19   F.2d 1103, 1110 (9th Cir. 1987).  Therefore, this Court will certify that plaintiff's appeal is not

20   taken in good faith.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

1	Accordingly, it is hereby ORDERED that the Clerk of Court is directed to notify the
2 Ninth Circuit Court of Appeals that the court certifies pursuant to Rule 24(a)(3)(A) of the Federal
3 Rules of Appellate Procedure that plaintiff's appeal is not taken in good faith and he must
4 therefore seek further authorization from the Court of Appeals pursuant to Rule 24(a)(5) to
5 obtain leave to proceed *in forma pauperis* on appeal.
6	IT IS SO ORDERED.

 Dated: June 28, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE